# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JOSEPH HINES a/n/f to "IH",
MARK SAVOURY a/n/f to "JS", and
BRANDON WILLIAMS a/n/f to
"BW",

    Plaintiffs,

v.

MICHIGAN HIGH SCHOOL
ATHLETIC ASSOCIATION, and VIC
MICHAELS, in his individual
capacity,

    Defendants.

Case No. 2:23-cv-10381
Hon.

**NOTICE OF REMOVAL**

| | |
|---|---|
| MARKO LAW FIRM<br>Jonathan R. Marko (P72450)<br>1300 Broadway Street, Fifth Floor<br>Detroit, MI 48226<br>(313) 777-7529<br>jon@markolaw.com<br>*Attorney for Plaintiffs* | MILLER, CANFIELD, PADDOCK & STONE, PLC<br>Scott R. Eldridge (P66452)<br>Ashley N. Higginson (P83992)<br>One Michigan Ave. Suite 900<br>Lansing, MI 48933<br>(517) 483-4918<br>eldridge@millercanfield.com<br>higginson@millercanfield.com<br>*Attorneys for Michigan High School Athletic Association and Co-Counsel for Vic Michaels*<br><br>BODMAN PLC<br>Thomas J. Rheaume (P74422)<br>1901 St. Antoine St., 6th Floor<br>Detroit, MI 48226<br>(313) 392-1074<br>trheaume@bodmanlaw.com<br>*Co-Counsel for Vic Michaels* |

## NOTICE OF REMOVAL

Defendant Michigan High School Athletic Association ("MHSAA"), by its attorneys, Miller, Canfield, Paddock and Stone, P.L.C., gives notice of its removal of this action from the Third Judicial Circuit Court for the County of Wayne, State of Michigan (Case No. 23-000647-CZ), to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446.  In support of its Notice of Removal, the MHSAA states as follows:

1. On January 17, 2023, Plaintiffs filed a Complaint against the MHSAA and co-Defendant Vic Michaels, in his individual capacity, in the Third Judicial Circuit Court for the County of Wayne, State of Michigan, entitled *Joseph Hines a/n/f to "IH", et al. v. Michigan High School Athletic Association, et al.*, Case No. 23-000647-CZ.

2. Plaintiffs served the MHSAA with the Summons and Complaint on February 8, 2023.  This action is thus timely removed within 30 days of the MHSAA's receipt of a copy of the Summons and Complaint, *see* 28 U.S.C. § 1446(b)(1).

3. A copy of the Summons is attached as **Exhibit A**.  A copy of the Complaint is attached as **Exhibit B**.  A copy of Plaintiffs' Motion for Temporary Restraining Order and or [sic] Preliminary Injunction is attached as **Exhibit C**.

These Exhibits represent all of the process, pleadings, and orders that have been served upon the MHSAA in this case, pursuant to 28 U.S.C. § 1446(a).

## Grounds for Removal

4. Pursuant to 28 U.S.C. § 1332, this Court has "original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."

5. Removal is proper in this case pursuant to 28 U.S.C. § 1441(a), which provides, in pertinent part, that:

> [A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

6. The United States District Court for the Eastern District of Michigan has original jurisdiction over this case because Plaintiffs' claims arise under the Constitution and laws of the United States, pursuant to 28 U.S.C. § 1331.

7. A case "aris[es] under" federal law where: "(1) the plaintiff's cause of action is created by federal law"; (2) the state claim necessarily depends on "some substantial, disputed question of federal law"; or "(3) the claim is really one of federal law." *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (internal citations and quotation marks omitted omitted); *Ohio ex rel. Skaggs v. Brunner*, 629 F.3d 527, 530 (6th Cir. 2010). As to the second prong, "the question is, does a state-law claim necessarily raise a stated federal issue, actually disputed

2

and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

8. This Court also has supplemental or pendent jurisdiction over Plaintiffs' state law retaliation and conspiracy claims pursuant to 28 U.S.C. § 1367.

9. In this case, Plaintiffs are the representatives of three high school sophomore basketball student-athletes who recently transferred from other high schools to Orchard Lake St. Mary's Preparatory ("OLSM") and whom the MHSAA has deemed ineligible to participate in basketball for the 2022-2023 academic year as a result of their transfer.

10. Plaintiffs challenge the MHSAA's internal regulations relating to interschool transfers of high school students.

11. Specifically, unless one of fifteen exceptions applies, the MHSAA's Regulation I, Section 9 (known as the general "Transfer Rule") requires all transfer student-athletes (*i.e.*, those transferring to another high school after enrolling in high school for any reason) to be deemed ineligible to participate for the sports season following the transfer, as a means to maintain competitive equity within interscholastic high school athletics, and in particular among the approximately 750 high schools that are volunteer members of the MHSAA.

3

12. The MHSAA's general Transfer Rule, which all other statewide high school athletic associations across the country have adopted and maintain in one form or another, has existed for decades and has been upheld by both federal and state courts as a reasonable rule of a voluntary, interscholastic athletics association. *E.g.*, *Bershback v. MHSAA*, 397 N.W.2d 234, 243–44 (Mich. Ct. App. 1986); *Kithier v. MHSAA*, 2018 WL 4403650 (E.D. Mich., Jan. 31, 2018) (Battani, J.).

13. OLSM, which provides boarding school opportunities to its student body, is a voluntary member of the MHSAA and is, thus, subject to all MHSAA regulations and accompanying interpretations. When OLSM's boarding student enrollment is at least 10% of its overall student body enrollment, it (like other similar boarding schools) falls within one of the fifteen established exceptions to the MHSAA's general transfer rule noted above. At issue in this case is what is known as the "Boarding School" exception to the general transfer rule (also known as "Exception 13"). Exception 13 ensures that boarding schools are legitimately housing a sufficient number of boarding students and not simply boarding a bare minimum number of student-athletes to get around the general Transfer Rule and create "super teams" in any given sport for a particular sports season or school year.

14. Also at issue is Interpretation 94 of the MHSAA Handbook, which further defines "boarding school" and "boarding student" for purposes of Exception 13, by establishing the 10% boarding enrollment rule noted above.

4

15. In general, Exception 13 allows certain transfer student-athletes to become immediately eligible to participate in interscholastic athletics contests at their new school, if the new school meets the MHSAA definition of "boarding school." (*See, e.g.*, Ex. B: Compl. ¶¶ 87, 95, 114–20, 128–30, 160–65.) Plaintiffs challenge the propriety of Interpretation 94 and contest the application of Interpretation 94 to OLSM for purposes of Exception 13.

16. Among other things, Plaintiffs contend that Interpretation 94 violates the federal Fair Housing Act, 42 U.S.C. § 3604, as well as Plaintiffs' right to travel and substantive due process rights under the United States Constitution. (*See* Ex. B: Compl. ¶¶ 165, 172; Ex. C: TRO & Prelim. Inj. Br. at 18–21.)

17. Plaintiffs also allege that the MHSAA's enforcement of these regulations against Plaintiffs' minor students is retaliation under the Elliott-Larsen Civil Rights Act ("ELCRA") for Plaintiffs previously challenging, in a separate lawsuit, a separate transfer regulation of the Catholic High School League (of which OLSM is a member), as violating the Fair Housing Act, and a conspiracy to violate Plaintiffs' civil rights. (*See* Ex. B: Compl. ¶¶ 64–75, 174–85.) Here, Plaintiffs seek injunctive relief against enforcement of the MHSAA's Interpretation 94 and a declaration that the student-athletes at issue are immediately eligible to compete in interscholastic boys' basketball for the remainder of the 2022-2023 season. (Ex. B: Compl., pp. 35–36.)

18. Plaintiffs allege and argue that the MHSAA's Interpretation 94 is discriminatory on the basis of race in violation of the federal Fair Housing Act and the United States Constitution's guarantees of substantive due process and the right to travel. (*See* Ex. B: Compl. ¶¶ 165, 172; Ex. C: TRO & Prelim. Inj. Br. at 18–21.)[1] Plaintiffs' allegations present substantial and disputed federal issues. *See Yousif v. Ocwen Mortgage Co., LLC*, 816 F. Supp. 2d 463, 465 (E.D. Mich. 2010) (concluding that allegations that defendants failed to respond to written notices, as required by federal statute, and failed to make various disclosures required by federal laws presented removable federal question).

19. Specifically, in paragraph 97, Plaintiffs contend that "the MHSAA has no grounds to implement a rule that supersedes State and Federal law" (Ex. B: Compl. ¶ 97); in paragraph 165, Plaintiffs contend: "If Interpretation 94 was indeed valid for existing private boarding schools, as Defendants contend . . . it would: . . .

---

[1] Plaintiffs may take the position that they have not expressly pled a claim for race discrimination or violation of their constitutional rights. As explained herein, regardless of whether Plaintiffs have included this claim as a separate cause of action, Plaintiffs in fact claim that Interpretation 94 is discriminatory on the basis of race in violation of federal law. Further, Plaintiffs extensively argue these violations in their motion for injunctive relief. (Ex. C: TRO & Prelim. Inj. Br. at 18–21.) "[P]laintiffs may not avoid removal jurisdiction by artfully casting their essentially federal law claims as state-law claims. Where it appears that the plaintiff may have carefully crafted her complaint to circumvent federal jurisdiction, we consider whether the facts alleged in the complaint actually implicate a federal cause of action." *Berera v. Mesa Med. Grp., PLLC*, 779 F.3d 352, 358 (6th Cir. 2015) (internal quotation marks and citations omitted).

violate Fair Housing Laws against a protected class(es) . . . " (Ex. B: Compl. ¶ 165 (emphasis omitted)); and in paragraph 172, Plaintiffs contend that Defendants' actions of declaring the student-athletes ineligible "is contrary to their due process rights . . . " (Ex. B: Compl. ¶ 172).

20. Plaintiffs expound on their legal claims that the MHSAA's Interpretation 94 violates federal law. Specifically, on page 18 of their brief in support of the motion for TRO or preliminary injunction, Plaintiffs contend that "Interpretation 94 Violates the [federal Fair Housing Act ("FHA")]," citing 42 U.S.C. § 3604(b) and 42 U.S.C. § 3602(k)(1), and asking the court to declare that the MHSAA's Interpretation 94 has a negative "disparate impact" on Plaintiffs in violation of the federal FHA. (Ex. C: TRO & Prelim. Inj. Br. at 18–19.)

21. Plaintiffs also ask the court to declare that "Interpretation 94 violates . . . Plaintiffs' Constitutionally Protected Rights," including expressly "the Fourteenth Amendment to the United States Constitution" and "42 U.S.C.A. § 1983." (Ex. C: TRO & Prelim. Inj. Br. at 19–21.)

22. And Plaintiffs contend that the MHSAA Interpretation 94 violates their "constitutionally protected right to travel within the State of Michigan." (Ex. C: TRO & Prelim. Inj. Br. at 20.)

23. Plaintiffs also allege that their substantive due process rights have been violated by the application of the MHSAA's general Transfer Rule to their transfers

to play basketball: "The MHSAA's arbitrary and capricious denial (or threatened denial) of Plaintiffs' athletic eligibility constitutes a violation of their substantive due process rights," citing federal case law interpreting federal due process rights. (Ex. C: TRO & Prelim. Inj. Br. at 21 (citing *Brands v. Sheldon Cmty. Sch.*, 671 F. Supp. 627 (N.D. Iowa 1987) (school board's decision that student-athlete was ineligible <u>did not</u> violate procedural or substantive due process rights protected under U.S. Constitution)).)

24. Thus, although Plaintiffs' Complaint is primarily driven by their retaliation claim under Michigan's Elliott-Larsen Civil Rights Act, they have clearly placed squarely at issue here their alleged rights under the federal Fair Housing Act and the United States Constitution, giving this Court federal-question jurisdiction.

25. Further, the validity of Interpretation 94 and its application to Exception 13 is integral to the resolution of Plaintiffs' other claims in this case. Plaintiffs' retaliation and conspiracy claims unavoidably depend on the notion that Interpretation 94 is racially discriminatory and was applied to Plaintiffs in an unfair and unlawful manner. If Interpretation 94 is a valid regulation and not discriminatory on the basis of race, Plaintiffs cannot prevail in claiming that its application to them was unlawful. *See, e.g.*, *Majeske v. Bay City Bd. of Educ.*, 177 F. Supp. 2d 666, 671 (E.D. Mich. 2001) (concluding that general "due process" cause of action raised federal questions and was framed in terms of federal law);

8

*Hood v. City of Boston*, 891 F. Supp. 51, 54 (D. Mass. 1995) (concluding that "removal was proper because it is an inescapable conclusion that allegations of violations of federal constitutional rights, such as are made in the original complaint, are sufficient to state a claim that arises under 42 U.S.C. § 1983" even though plaintiff had not pled cause of action under § 1983).

**Procedural Requirements for Removal**

26. The MHSAA has satisfied or will satisfy all procedural requirements for removal under 28 U.S.C. § 1446.

27. Specifically, in accordance with 28 U.S.C. § 1446(a), this is the appropriate court for removal because the state court in which this action was commenced, the Third Judicial Circuit Court for the County of Wayne, is within this District (the Eastern District of Michigan) and Division (Southern Division), *see* 28 U.S.C. § 102(a). Further, copies of all process, pleadings, and orders served upon the MHSAA in this action, including the Summons and Complaint, are attached hereto as Exhibits A through C. This Notice of Removal is signed pursuant to Federal Rule of Civil Procedure 11.

28. In accordance with 28 U.S.C. § 1446(b)(1), this Notice of Removal is timely filed within 30 days of the MHSAA's receipt of the Summons and Complaint.

29. The only other defendant in this action, Vic Michaels, has indicated his consent to removal, *see* 28 U.S.C. § 1446(b)(2)(A). **Exhibit D**: Consent to Removal.

30. In accordance with 28 U.S.C. § 1446(d), the MHSAA will promptly notify Plaintiffs in writing that this case has been removed to this Court pursuant to this Notice of Removal, by emailing it and electronically filing a copy of this Notice with the Wayne County Circuit Court, which will send notice to all attorneys of record. The MHSAA will, on the day of filing of this Notice of Removal, submit for filing a copy of the same with the court clerk of the Wayne County Circuit Court.

31. The prerequisites for removal have been met. If any questions arise as to the propriety of the removal of this action, the MHSAA respectfully requests the opportunity to present briefing, argument, and further evidence necessary to support its position that this case is removable.

32. In removing this action, the MHSAA specifically reserves all its defenses including, without limitation, all defenses specified in Rule 12(b) of the Federal Rules of Civil Procedure.

WHEREFORE, based on the foregoing, Defendant Michigan High School Athletic Association gives notice of removal of this action to the United States District Court for the Eastern District of Michigan and requests that all future proceedings be held in this Court.

40157070.3/129958.00021

        Respectfully submitted,

        Miller, Canfield, Paddock and Stone, P.L.C.

By:  */s/Scott R. Eldridge*
       Scott R. Eldridge (P66452)
       Ashley N. Higginson (P83992)
       One Michigan Ave. Suite 900
       Lansing, MI 48933
       (517) 483-4918
       eldridge@millercanfield.com
       higginson@millercanfield.com
       *Attorneys for Michigan High School Athletic Association and Co-Counsel for Vic Michaels*

Dated: February 13, 2023

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2023, I electronically filed with the Clerk of the Court using the ECF system and served by First Class U.S. Mail and e-mail, the foregoing document, upon the following:

Jonathan R. Marko (P72450)
Marko Law Firm
1300 Broadway Street, Fifth Floor
Detroit, MI 48226
jon@markolaw.com

/s/Scott R. Eldridge

40157070.3/129958.00021