UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH HINES,  
as next friend to IH, *et al.*,

    Plaintiffs,

v.

MICHIGAN HIGH SCHOOL ATHLETIC
ASSOCIATION *et al.*,

    Defendants.
_____ /

Case No. 23-10381

F. Kay Behm  
United States District Judge

**OPINION AND ORDER GRANTING MOTION
TO REMAND TO STATE COURT (ECF No. 9)**

**I.    PROCEDURAL HISTORY AND FACTUAL BACKGROUND**

Plaintiffs, who are student-athletes at Orchard Lake St. Mary's Preparatory, filed a complaint in state court against the Michigan High School Athletic Association (MHSAA) and Vic Michaels, alleging claims under Michigan's Elliott-Larsen Civil Rights Act, Mich. Comp. Laws § 37.2101 *et seq.* (ECF No. 1-3). The present dispute is related to a previous lawsuit filed in state court, which plaintiffs instituted against the Catholic High School League (CHSL) and Archdiocese of Detroit (Archdiocese), asserting that CHSL's geographic-specific eligibility policy, which prevented the high school plaintiff athletes from participating in sports at

1

St. Mary's, violated Elliott-Larsen because the policy caused disparate treatment and disparate impact based on race and familial status. (ECF No. 9-2). In that case, plaintiffs filed a motion for temporary restraining order (TRO), which was heard by Wayne County Circuit Judge Annette J. Berry. After the hearing, the parties resolved the matter, and the case was dismissed. (ECF No. 1-3, PageID.43-44).

Sometime after that resolution, the MHSAA declared plaintiffs ineligible, questioning St. Mary's status as a boarding school. (ECF No. 1-3, PageID.33, ¶ 87). According to the complaint, MHSAA has indicated that St. Mary's does not satisfy "Interpretation 94." To qualify as a boarding school, Interpretation 94 requires a school to have at least 25 students or 10 percent of the student enrollment, whichever is larger, living and boarding on campus five days a week while school is in session. (ECF 1-3, PageID.38, ¶¶ 119-120). This suit followed in Wayne County Circuit Court.

On February 13, 2023, MHSAA, with the consent of co-defendant Michaels, removed the action to federal court, purportedly based on federal question jurisdiction. (ECF No. 1). MHSAA identifies some language in the complaint where plaintiffs refer to the federal Fair Housing Act, along with plaintiffs' right to travel and substantive due process rights in the United States Constitution, (ECF

2

No. 1, PageID.6, citing ECF No. 1-3, PageID.47-48), however, all counts identified in the complaint are based on state law.  (ECF No. 1-3, PageID.49-53).  More specifically, plaintiffs assert a claim of retaliation under Elliott-Larsen, alleging that defendants retaliated against them for engaging in protected activities and conspired to violate their civil rights when they launched an investigation of St. Mary's boarding school status and determined that St. Mary's no longer qualified as a boarding school.  *Id*.

Before defendants removed this matter to federal court, the state court scheduled a hearing on plaintiffs' motion for TRO for February 17, 2023.  Plaintiffs have now filed an emergency motion to remand this matter to state court.  (ECF No. 9).  Plaintiffs indicate in their motion that they are willing to amend their complaint to remove any references to federal law and have attached a proposed amended complaint.  (ECF No. 9-8).  Defendants have filed responses.  (ECF Nos. 14, 15).  Defendant Michaels indicates in his response that if plaintiffs' file the proposed amended complaint, he is willing to stipulate to remand the matter to state court, while MHSAA asserts that the proposed amended complaint "hedges" and would still allow plaintiffs to assert federal claims in state court.

The court held a hearing via videoconference on February 21, 2023.  For the reasons set forth below, plaintiffs' motion to remand is **GRANTED**.

## II. ANALYSIS AND CONCLUSION

### A. Subject Matter Jurisdiction

Defendants purportedly removed this matter based on federal question jurisdiction. District courts are courts of limited jurisdiction that "possess only that power authorized by Constitution and statute...." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "Absent diversity of citizenship, federal-question jurisdiction is required" for a district court to have original jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Title 28 U.S.C. § 1441(b) provides that "[a]ny civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties." *City of Warren v. City of Detroit*, 495 F.3d 282, 286 (6th Cir. 2007) (quoting 28 U.S.C. § 1441(b)). "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Id.* (quoting *Caterpillar, Inc. v. Williams,* 482 U.S. 386, 392 (1987)). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*; *see also Perna v. Health One Credit Union*, 983 F.3d 258,

4

268 (6th Cir. 2021) ("Under the longstanding well-pleaded complaint rule…a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon [federal law].") (citations and internal quotation marks omitted).

Plaintiffs contend that this court does not have subject matter jurisdiction because there are no federal claims on the face of the complaint. MHSAA argues, however, that plaintiffs' complaint alleges that MHSAA's rules and policies governing transfer students violates federal law. More particularly, MHSAAA points to plaintiffs' allegations in the complaint that (1) "the MHSAA has no grounds to implement a rule that supersedes State and Federal law," (ECF 1-3, PageID.35, ¶ 97); (2) "[i]f Interpretation 94 was indeed valid for existing private boarding schools, as Defendants contend . . . it would . . . violate Fair Housing Laws against a protected class(es) . . ." (ECF No. 1-3, PageID.46, ¶ 165); and (3) Defendants' actions of declaring the student-athletes ineligible "is contrary to their due process rights . . ." (ECF No. 1-3, PageID.48, ¶ 172). The court does not find these stray references to federal law found in the complaint overcome the well-pleaded complaint rule. "The question of federal subject matter jurisdiction is to be garnered from the four corners of the well pleaded facts in the state complaint." *Cont'l Cablevision of Michigan, Inc. v. Edward Rose Realty, Inc.*, 840

5

F.2d 16; 1988 WL 12130, *2 (6th Cir. Feb. 17, 1988) (Table).  Here, the complaint expressly alleges state law claims under Elliott-Larsen only.

MHSAA also contends that plaintiffs' motion for TRO is "riddled" with references to federal court and should also be considered in determining whether the complaint removable.  It cites *Berera v. Mesa Medical Group*, 779 F.3d 352 (6th Cir. 2015) in support of its claim that the court may look outside the four corners of the complaint in assessing whether this court has subject matter jurisdiction.  This case, however, merely stands for the proposition that a plaintiff may not "artfully" plead the complaint to disguise what is in reality a federal law claim.  In *Berara*, the court found that the complaint artfully pleaded a Federal Insurance Contribution Act (FICA) claim disguised as a state-law claim for unpaid wages.  In such circumstances, the court applied an exception to the well-pleaded complaint rule and found removal proper.  *Id*. at 358.  Here, the court finds no basis to apply an exception to the well-pleaded complaint rule.  Despite the stray references to federal law in the complaint, plaintiffs' Elliott-Larsen claims are not federal claims in disguise.  To the extent that MHSAA is concerned that the motion for TRO exceeds the scope of the complaint, that is a matter that the state court judge can address.  MHSAA has not established that any exception to the well-pleaded complaint rule applies here.  Further, absent more specific authority

suggesting that arguments made in a TRO motion can form the basis for removal, the court must follow the well-pleaded complaint rule. This matter is, therefore, **REMANDED** to state court.

B. <u>Sanctions</u>

Plaintiffs also ask for attorney fees. Under 28 U.S.C. § 1447(c), "an order remanding the case *may* require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." (Emphasis added). As MHSAA points out, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id*. "District courts have considerable discretion to award or deny costs and attorney fees under 28 U.S.C. § 1447(c)." *Warthman v. Genoa T'ship Bd. of Trustees*, 549 F.3d 1055, 1059 (6th Cir. 2008). While the court concludes that removal was improper, that does not necessarily mean that removal was objectively unreasonable. Given the express references to federal law in the complaint, defendants' position that plaintiffs' original complaint asserted violations of federal law is "not so far-fetched as to be unreasonable." *Bridging Communities, Inc. v. Hartford Cas. Ins. Co.*, No. 19-12603, 2020 WL

7

13413753, at *5 (E.D. Mich. Feb. 18, 2020). The court **DENIES** the request for attorney fees.

    **IT IS SO ORDERED**.

                                                                <u>s/F. Kay Behm</u>
                                                                F. Kay Behm
                                                               United States District Judge

Dated: February 22, 2023